# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-09744-RGK-MAA | Date | February 15, 2019 |
|---|---|---|---|
| Title | *DOMINGUEZ v. FORD MOTOR CO.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff: Not Present

Attorneys Present for Defendants: Not Present

**Proceedings:** **(IN CHAMBERS)** Order Re: Plaintiff's Motion to Remand (DE 10)

## I.     INTRODUCTION

On October 18, 2018, Louie Dominguez ("Plaintiff") filed a Complaint against Ford Motor Company ("Ford") and Sunrise Ford of Fontana ("Sunrise Ford") (collectively, "Defendants") alleging violations of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790, *et seq.*).

On November 19, 2018, Defendants removed the action to federal court, alleging diversity jurisdiction. Plaintiff filed a Motion to Remand on December 28, 2018 (DE 10). Upon review of Defendants' Notice of Removal, the Court hereby **REMANDS** the action for lack of subject matter jurisdiction.

## II.     FACTUAL BACKGROUND

Plaintiff purchased a vehicle from Sunrise Ford on January 22, 2008. In connection with the purchase, Plaintiff received an express written warranty in which Ford "undertook to preserve or maintain the utility or performance of the vehicle." (Compl. ¶ 8, ECF No. 1.) The warranty further provided that Plaintiff could deliver the vehicle to one of Ford's representatives for repair in the event of a defect during the warranty period.

According to Plaintiff, the vehicle had problems with the engine, electrical system, and cooling system. Plaintiff alleges that Ford and its representatives have been unable to repair the vehicle to conform with the warranty "after a reasonable number of opportunities." (Compl. ¶ 11) In addition to alleging several claims against Ford, Plaintiff alleges a claim for breach of the implied warranty of merchantability against Sunrise Ford.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-09744-RGK-MAA | Date | February 15, 2019 |
| Title | *DOMINGUEZ v. FORD MOTOR CO.* | | |

### III. JUDICIAL STANDARD

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

### IV. DISCUSSION

Where the action was originally removed from state court, the case must be remanded if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). When asserting diversity jurisdiction as the basis for removal, a defendant must establish complete diversity of the parties. 28 U.S.C. § 1332(a); *see also Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981). However, joinder of a non-diverse defendant cannot defeat removal where the plaintiff fraudulently joins the non-diverse defendant to avoid federal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Joinder is fraudulent if it is *obvious* that the plaintiff cannot state a cause of action against that defendant. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1988) (emphasis added). In other words, the plaintiff must not be able to recover against the defendant on any legal theory. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Defendants removed this case under 28 U.S.C. § 1332 despite the presence of non-diverse Sunrise Ford. Ford and Plaintiff disagree as to whether Plaintiff has a viable claim against Sunrise Ford and, in turn, whether Sunrise Ford is a fraudulent defendant. Plaintiff also opposes removal based on the amount-in-controversy requirement and the residency requirement.

The Court first turns to whether Sunrise Ford is a fraudulent defendant. If Plaintiff can state a cause of action against Sunrise Ford on any legal theory, Sunrise Ford is not a fraudulent defendant.

#### A. **Plaintiff may have a claim against Sunrise Ford for the breach of an implied warranty.**

Rule 20(a) allows joinder of parties if two requirements are satisfied: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence . . .; and (2) some question of law or fact common to all parties must arise in the action." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980); Fed. R. Civ. P. 20(a).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09744-RGK-MAA | Date | February 15, 2019 |
|---|---|---|---|
| Title | ***DOMINGUEZ v. FORD MOTOR CO.*** | | |

Here, the claims against Ford and Sunrise Ford arise out of the same transaction and involve "the same vehicle, the same alleged defects in that vehicle, and the same failed attempt to repair the vehicle." (Pl.'s Mot. to Remand 7:19–22, ECF No. 10); *see also Blowers v. Ford Motor Co.*, No. CV 17-8224-JFW(KSx), 2018 WL 654415 (C.D. Cal. Jan. 31, 2018). Therefore, the claims will likely "require many of the same documents and witnesses." *Torres v. Ford Motor Co.*, No. SACV 18-00232-CJC(DFMx), 2018 WL 4182487, at *2 (C.D. Cal. Aug. 30, 2018). Moreover, several courts in this district have permitted joinder of a car dealership for a breach of the implied warranty of merchantability claim. *Torres*, 2018 WL 4182487, at *2; *Blowers*, 2018 WL 654415, at *5; *Delafontaine v. Volvo Cars of N. Am., LLC*, No. CV 16-07154-GHK(SKx), 2016 WL 7338404, at *3–4 (C.D. Cal. Dec. 19, 2016); *Sabag v. FCA US, LLC*, No. 2:16-cv-06639-CAS(RAOx), 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016); *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, No. 2:16-cv-00949-CAS(KSx), 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016).

Accordingly, the Court finds that the implied warranty claim against Sunrise Ford is facially valid.

### B.   It is possible that tolling applies to the implied warranty claim.

In their Notice of Removal, Defendants argue that Plaintiff cannot recover against Sunrise Ford for the implied warranty claim because the action is not timely. According to Defendants, the statute of limitations lapsed on January 22, 2012.

Plaintiff has asserted several tolling doctrines that would bring his claim within the limitations period. It is not "obvious" that none of these doctrines would apply. *McCabe*, 811 F.2d at 1339. For example, Plaintiff alleges that, on multiple occasions, he brought his vehicle to a Ford representative for warranty repairs. Under the repair doctrine, "[t]he statute of limitations on a warranty claim is tolled during the period in which a defendant has unsuccessfully attempted to repair the defect." *Cardenas v. Ford Motor Co.*, No. CV 18-1090 DSF (PLAx), 2018 WL 2041616, at *1 (C.D. Cal. Apr. 23, 2018) (citing *Aced v. Hobbs-Sesack Plumbing Co.*, 55 Cal. 2d 573, 585 (1961)). It is possible that the repair doctrine applies to Plaintiff's claim. *Id.*

In sum, the tolling doctrines that Plaintiff cites ultimately may not be apposite, but it is not obvious from the Complaint that they would not apply.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-09744-RGK-MAA | Date | February 15, 2019 |
| Title | *DOMINGUEZ v. FORD MOTOR CO.* | | |

    **C.**    **Because it is not obvious that Plaintiff cannot recover against Sunrise Ford under any legal theory, Sunrise Ford is not a fraudulent defendant.**

Based on the above, Plaintiff has properly joined Sunrise Ford in this action. Because Defendant has not met its burden to establish that Plaintiff and Sunrise Ford are diverse,[1] the Court lacks jurisdiction under 28 U.S.C. § 1332.

**I.**    **CONCLUSION**

In light of the foregoing reasons, the Court hereby **REMANDS** this action to state court for all further proceedings.

    **IT IS SO ORDERED.**

    _____ : _____

    Initials of Preparer   _____

---

[1] Plaintiff's Complaint provides only that he is a resident of Los Angeles, California. Yet, in the instant Motion, Plaintiff argues that Sunrise Ford is "non-diverse." Underlying Plaintiff's argument is the assumption that Plaintiff, like Sunrise Ford, is a domiciliary of California. Although residency does not necessarily equate to domicile, "district courts are permitted to make reasonable inferences from facts in evidence." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013). Also, Defendant bears the burden upon removal to establish diversity of citizenship. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992). Neither Plaintiff nor Defendants have provided any information suggesting that Plaintiff is domiciled in any state other than California. The Court must remand if, as here, "there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.